**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Steven CASTRO, Defendant—Appellant.**

No. 02–10166.

D.C. No. CR–01–00025–HDM.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2002.*

Decided Dec. 11, 2002.

Before RYMER, THOMAS and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Steven Castro appeals the district court's denial of his motion to suppress following his conviction on a conditional guilty plea to a single count of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for being a felon in possession of a firearm. We have jurisdiction over Castro's timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.

Castro argues that after *United States v. Chavez–Valenzuela,* 268 F.3d 719 (9th Cir.2001), nervousness is insufficient to justify his continued detention and questioning. However, the district court found that the Highway Patrol Trooper who pulled Castro over made observations of unusual behavior that went beyond ordinary nervousness: in addition to being quite nervous for a routine stop of this nature, Castro's hands trembled, his speech was rapid, he continually watched the officer through the rear view mirror to see what Stepien was doing while Stepien was writing the ticket in his cruiser, and he turned around to watch Stepien as he walked back toward Castro's car. Further, Castro was not the registered owner of the vehicle. He could produce no proof of insurance or registration, and did not try to open the locked glove box to find documentation. As the district court concluded, these are particularized and objective factors that justified Stepien's inquiry about whether Castro had anything in the vehicle about which to be nervous. Stepien reasonably followed-up Castro's ambiguous response by asking what Castro meant. When Castro said that he had a gun in the trunk, and pleaded not to be arrested, Stepien was entitled to take appropriate steps to protect himself and Castro's passengers.

Castro argues that Stepien lacked probable cause to search the locked trunk, and that the search cannot be justified on the basis of officer safety because the gun was not readily accessible. Probable cause was not necessary, as Castro's conduct together with his initial denial and subsequent admission gave Stepien reasonable suspicion that safety was jeopardized by the presence of a loaded gun in the car. *See Michigan v. Long,* 463 U.S. 1032, 1051, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). It does not matter that Castro said that the firearm was in the trunk. Stepien was the only officer on the scene. He had no way of knowing for sure where the weapon was, or whether there was more than one. Castro or his adult passenger could have

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

had access to the gun while the car was stopped, and would have had access to it once they got back into the car. Under these circumstances, it was appropriate for Stepien to secure the weapon. *Id.* at 1052, 103 S.Ct. 3469.

AFFIRMED.

THOMAS, Circuit Judge, concurring in part and dissenting in part.

THOMAS, Circuit Judge.

Although I agree with much of the majority's analysis, I must respectfully dissent from the conclusion that, under the circumstances presented by this case, a search of a locked, inaccessible trunk of an automobile was justified under the protective sweep doctrine enunciated in *Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).